Jon BONEBRAKE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4471)

Trial was held September 25, 2000, in the courtroom of the Oregon Tax Court, Salem.

Jon Bonebrake, Plaintiff (taxpayer), argued the cause *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered October 18, 2000.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from a magistrate Decision upholding an assessment of personal income taxes for 1994. Taxpayer claims that additional remodeling expenses should be allowed to offset the gain from the sale of property. Trial was held September 25, 2000, in the courtroom of the Oregon Tax Court, Salem. Taxpayer appeared by telephone.

## FACTS

Taxpayer sold a prior residence at a gain in 1993 and used the funds to purchase another residential property in

Lake Oswego. The Lake Oswego property was an 1,100-square-foot home in extremely poor condition. Taxpayer obtained a contractor's license and planned to remodel the property for profit. Due to the extensive dry rot and damage, there was more new construction than remodel. Taxpayer's efforts resulted in a 2,200-square-foot home with a three-car garage, which sold in 1994 for $187,000.

Taxpayer testified that due to his personal circumstances, including a divorce and illness, he lost many of his records. Taxpayer wanted to prove an increased-cost basis by using costs other than his actual receipts but testified he was unable to obtain the necessary information in a timely fashion. Taxpayer did furnish Defendant Department of Revenue's (the department) auditor with two different batches of receipts. The auditor reviewed those receipts and found that some of the expenses claimed by taxpayer had been duplicated, some were claimed in full amount when taxpayer had received a builder's discount, and some were not for the property in question. The auditor testified that she did allow some expenses such as those grouped by a building supply company, even though no specific details were attached. The auditor concluded that only $52,429.13 were allowable expenses.

## ANALYSIS

Taxpayer's case has two primary problems. First, for whatever reasons, taxpayer has not met his obligation to provide records to substantiate his claimed expenses, placing him at a major disadvantage. Taxpayer argues on general grounds, reasoning that it is "common knowledge" that it costs more than $24 a square foot to build or remodel residential property. However, "common knowledge" is not evidence. For example, it is "common knowledge" that labor constitutes approximately half the cost of a residence. If that is the case, approximately $50,000 in expenses for building materials would indicate that another $50,000 would be expended for labor. Because taxpayer performed most of the labor, it would not be inconsistent to find that taxpayer's actual out-of-pocket expenses were far less than normal. If taxpayer had

spent $100,000 on materials, that would imply far greater cost than the total selling price of the property.

Second, again, for whatever reasons, taxpayer has been unable to timely provide information to the court. Taxpayer proposed to submit general cost evidence that would support his position. Trial was set and the information was to be exchanged by July 28, 2000. Taxpayer asked for and was granted a postponement until August 14, 2000, for the exhibit exchange. However, as of the date of trial, no information had been furnished to the court or to the department. Consequently, the department filed a Motion *in Limine,* which the court has granted.

The auditor's finding that taxpayer had a taxable gain of $108,569.37 is probably excessive. Even if taxpayer performed all of the labor, that would be an extraordinary gain on a remodeled property. Nevertheless, taxpayer has the burden of proof and, in the absence of any information other that what has been submitted, any finding by this court of a lesser amount would be pure speculation. There is no question that $187,000 was paid for the property. Taxpayer has failed to carry his burden of proving that his out-of-pocket remodeling expenditures were greater than $52,429.13. Accordingly, judgment will be entered sustaining the department's assessment. Costs to neither party.